MARK D. LONERGAN (State Bar No. 143622)
JON D. IVES (State Bar No. 230582)
jdi@severson.com
EDWARD R. BUELL, III (State Bar No. 240494)
erb@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
WELLS FARGO BANK, N.A. (sued as
"WELLS FARGO HOME MORTGAGE, INC.")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS COLOM,<br><br>                    Plaintiff,<br><br>          vs.<br><br>WELLS FARGO HOME MORTGAGE, INC.<br>and DOES 1-10, inclusive,<br><br>                    Defendants. | Case No. 3:14-cv-02410-WHO<br><br>**WELLS FARGO BANK, N.A.'S NOTICE OF HEARING ON MOTION, MOTION TO DISMISS COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      July 9, 2014<br>Time:     2 p.m.<br>Crtrm.:   2, 17th Floor<br>Judge:   Honorable William H. Orrick |

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ................................................................................................ 1

II.     APPLICABLE LAW AND PERTINENT FACTS ............................................. 1

III.    COLOM ALLEGES NO MATERIAL HBOR VIOLATION AND THE ACT
        DOES NOT APPLY .......................................................................................... 3

        A.      Colom Does Not Allege Any Material Violation Of Sections 2924.11
                Or 2924.7 .............................................................................................. 3

        B.      The HBOR Does Not Apply Because Wells Fargo Previously
                Modified Colom's Loan ........................................................................ 5

        C.      The HBOR Does Not Apply To Colom's 2007 Loan For
                Constitutional Reasons ......................................................................... 5

IV.     THERE IS NO CLEARLY ALLEGED PROMISE OR BREACH THEREOF
        TO MAINTAIN A PROMISSORY ESTOPPEL ACTION ................................ 9

V.      THE SECTION 17200 CLAIM IS DEFECTIVELY PLEADED ...................... 10

VI.     THE NEGLIGENCE CLAIM IS NOT VIABLE ............................................. 12

        A.      Colom Does Not Allege Any Cognizable Duty ..................................... 12

        B.      Colom Does Not Allege Causation Or Damages ................................... 13

        C.      Any Negligence Claim Is Precluded By The Economic Loss Doctrine ................ 13

VII.    "NEGLIGENCE PER SE" IS AN EVIDENTIARY DOCTRINE, NOT A
        CLAIM FOR RELIEF ....................................................................................... 13

VIII.   CONCLUSION ................................................................................................. 14

MOTION TO DISMISS

# TABLE OF AUTHORITIES

Page(s)

CASES

*Aceves v. U.S. Bank, N.A.*,
192 Cal.App.4th 218 (2011) .......................................................................................10

*Ann M. v. Pac. Plaza Shopping Ctr.*,
6 Cal.4th 666 (1993) ..................................................................................................12

*Armstrong v. Chevy Chase Bank, FSB*
2012 WL 4747165 (N.D. Cal. 2012) ...........................................................................13

*Ashcroft v. Iqbal*,
129 S.Ct. 1937 (2009) ..............................................................................................1, 2

*Associated General Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,
459 U.S. 519 526 (1983) ..............................................................................................2

*Badame v. JP Morgan Chase Bank, N.A.*,
2014 WL 585451 (C.D. Cal. 2014) ............................................................................13

*Barnitz v. Beverly*,
163 U.S. 118 (1896) ...............................................................................................7, 8

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ....................................................................................................1

*Benson v. Ocwen Loan Servicing, LLC*,
— Fed. Appx. —, 2014 WL 962022 (9th Cir. 2014) .................................................12

*Brown v. Ferdon*,
5 Cal.2d 226 (1936) ........................................................................................6, 7, 8, 9

*Daro v. Super. Ct.*,
151 Cal.App.4th 1079 (2007) .....................................................................................11

*Das v. Bank of Am., N.A.*,
186 Cal.App.4th 727 (2010) .......................................................................................13

*Day v. AT&T Corp.*,
63 Cal.App.4th 325 (1998) .........................................................................................11

*Garcia v. World Savings, FSB*,
183 Cal.App.4th 1031 (2010) .....................................................................................10

*Gipson v. Wells Fargo Corp.*,
2006 WL 763069 (D.D.C. 2006) ..................................................................................1

ii

*Glenn K. Jackson Inc. v. Roe*,
  273 F.3d 1192 (9th Cir. 2001) .................................................................10

*Gopar v. Nationstar Mortg., LLC*,
  2014 WL 1600324 (S.D. Cal. 2014) ........................................................13

*Hales v. Snowden*,
  19 Cal.App.2d 366 (1937) ....................................................................7, 8

*Jenkins v. JP Morgan Chase Bank, N.A.*,
  216 Cal.App.4th 497 (2013) ....................................................................11

*Korea Supply Co. v. Lockheed Martin Corp.*,
  29 Cal.4th 1134 (2003) ............................................................................11

*Krantz v. BT Visual Images, L.L.C.*,
  89 Cal.App.4th 164 (2001) ......................................................................10

*Kwikset Corp. v. Super. Ct.*,
  51 Cal.4th 310 (2011) ..............................................................................11

*Laks v. Coast Fed. Sav. & Loan Ass'n*,
  60 Cal.App.3d 885 (1976) .........................................................................9

*Lueras v. BAC Home Loans Servicing, LP*,
  221 Cal.App.4th 49 (2013) ......................................................................13

*Madrid v. Perot Systems Corp.*,
  130 Cal.App.4th 440 (2005) ....................................................................11

*Meyer v. Wells Fargo Bank, N.A.*,
  2013 WL 6407516 (N.D. Cal. 2013) ........................................................13

*Moss v. U.S. Secret Serv.*,
  572 F.3d 962 (9th Cir. 2009) .....................................................................2

*Mount v. Wells Fargo Bank, N.A.*,
  2008 WL 5046286 (C.D. Cal. 2008) ..........................................................1

*Mullis v. United States Bankr. Ct.*,
  828 F.2d 1385 (9th Cir. 1987) ...................................................................2

*Nymark v. Heart Fed. Savings & Loan Ass'n*,
  231 Cal.App.3d 1089 (1998) ...................................................................12

*People v. Duz-Mor Diagnostic Lab., Inc.*,
  68 Cal.App.4th 654 (1998) ......................................................................11

*People v. Toomey*,
  157 Cal.App.3d 1 (1984) .........................................................................11

*Quiroz v. Seventh Ave. Center*,
   140 Cal.App.4th 1256 (2006)..........................................................................13

*Robinson v. Bank of Am., N.A.*,
   2014 WL 60969 (N.D. Cal. 2014)...................................................................13

*Rockridge Trust v. Wells Fargo, N.A.*,
   2013 WL 5428722 (N.D. Cal. 2013) ..............................................................5

*Rosenfeld v. Nationstar Mortg., LLC*,
   2013 WL 4479008 (C.D. Cal. 2013)................................................................5

*San Francisco Unified Sch. Dist. v. W.R. Grace & Co.*,
   37 Cal.App.4th 1318 (1995)...........................................................................13

*Sanguinetti v. Citi Mortg., Inc.*,
   2013 WL 4838765 (N.D. Cal. 2013)..............................................................13

*Seely v. White Motor Co.*,
   63 Cal.2d 9 (1965).........................................................................................13

*Sierra-Bay Fed. Land Bank Ass'n v. Super. Ct.*,
   227 Cal.App.3d 318 (1991)............................................................................13

*Smith v. San Francisco*,
   225 Cal.App.3d 38 (1990)................................................................................9

*Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.*,
   49 Cal.App.4th 472 (1996).............................................................................12

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001)............................................................................2

*US Ecology, Inc. v. State of California*,
   129 Cal.App.4th 887 (2005).............................................................................9

*Von Hoffman v. City of Quincy*,
   4 Wall. 535 (1866) ...........................................................................................6

*Williams v. Wells Fargo Bank, N.A.*,
   2014 WL 1568857 (C.D. Cal. 2014) ..............................................................12

*Worthen v. Thomas*,
   292 U.S. 426 (1934) .........................................................................................6

*Young v. Wells Fargo & Co.*,
   2008 WL 5245894 (N.D. Cal. 2008)................................................................1

**STATUTES**

Business and Professions Code

§ 17200 ...........................................................................................................3, 10, 11

Civil Code

§ 2923.6 .........................................................................................................................8
§ 2923.7 .........................................................................................................................5
§ 2924 .........................................................................................................................7, 8
§ 2924 1/2 ....................................................................................................................6, 7
§ 2924.7 ........................................................................................................................3, 4
§ 2924.10 .......................................................................................................................8
§ 2924.11 ..................................................................................................................3, 4, 9
§ 2924.12 .......................................................................................................................3
§ 2924.18 ....................................................................................................................8, 9
§ 2924.19 .......................................................................................................................4
§ 2924f ..........................................................................................................................8
§ 580, et seq. .................................................................................................................6

Code of Civil Procedure

§ 580b ...........................................................................................................................7

**RULES**

Federal Rule of Civil Procedure

Rule 12 ..........................................................................................................................1

MOTION TO DISMISS

**NOTICE OF MOTION AND MOTION TO DISMISS**

PLEASE TAKE NOTICE that on July 9, 2014, at 2 p.m., or as soon thereafter as the matter may be heard, in Courtroom 2 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable William H. Orrick , Defendant Wells Fargo Bank, N.A. (sued as "Wells Fargo Home Mortgage, Inc.") will, and hereby does, move to dismiss Plaintiff Luis Colom's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Complaint fails to state a claim upon which relief may be granted as explained further in the accompanying memorandum of points and authorities.

This motion is based on this motion and notice of motion, the accompanying memorandum of points and authorities, the request for judicial notice, the pleadings and records on file in this action, and any further briefs, evidence, authorities, or argument presented before or at the hearing of this motion.  Defendant respectfully requests an order dismissing the Complaint for failure to state a claim.

DATED:  May 30, 2014        SEVERSON & WERSON
       A Professional Corporation


By:     /s/   *Jon D. Ives*
            Jon D. Ives

Attorneys for Defendant
WELLS FARGO BANK, N.A. (sued as "WELLS FARGO HOME MORTGAGE, INC.")

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Defendant Wells Fargo Bank, N.A. (sued as "Wells Fargo Home Mortgage, Inc.") ("Wells Fargo")[1] respectfully submits this motion to dismiss Plaintiff Luis Colom's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Wells Fargo has already modified Colom's mortgage loan.  He sues now after it denied his request to modify it again.  The essence of his complaint is that Wells Fargo did not respond to several requests for updates on his loan modification application.  He does not, and cannot, aver that he qualified for another loan modification.  His allegations, if true, may show less than ideal customer service, but they do not demonstrate a violation of the Homeowner's Bill of Rights ("HBOR").  And because Wells Fargo previously modified Colom's loan, the HBOR does not apply in any event.

Colom's other claims are all derivative of the supposed HBOR violation and therefore fail with it.  Colom's other causes of action are also defective for other reasons elaborated on in this memorandum.

Colom's complaint fails as a matter of law to state a claim for which relief may be granted. It should be dismissed.

## II.  APPLICABLE LAW AND PERTINENT FACTS

"To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* FED. R. CIV. P. 12(b)(6).  "A claim has facial

---

[1] Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A.  *See, e.g., Young v. Wells Fargo & Co.*, 2008 WL 5245894, at *1 (N.D. Cal. 2008); *Mount v. Wells Fargo Bank, N.A.*, 2008 WL 5046286, at *1 (C.D. Cal. 2008) ("Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A., not a subsidiary corporation."); *Gipson v. Wells Fargo Corp.*, 2006 WL 763069, at *2 (D.D.C. 2006) ("Wells Fargo Home Mortgage, Inc., is no longer an incorporated entity and is now a division of Wells Fargo Bank, N.A.").  Wells Fargo Home Mortgage, Inc. is not an entity separate from Wells Fargo Bank, N.A.

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). While the Court accepts as true the well-pleaded facts of a complaint when deciding a motion to dismiss, this presumption does not apply to naked assertions devoid of further factual enhancement or conclusory allegations of law. *See Iqbal*, 129 S.Ct. at 1949-50; *Moss*, 572 F.3d at 969. And on a motion to dismiss, courts will not assume that "the [plaintiff] can prove facts which [he or she] has not alleged." *Associated General Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519 526 (1983). Finally, facts subject to judicial notice may be considered on a motion to dismiss and these facts trump conclusory allegations to the contrary. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

The alleged and judicially noticeable facts are stated below. Wells Fargo does not concede the truth of any of the facts Colom alleges.

In 2007, Luis Colom, and his wife Maria Colom (not named as a party to this lawsuit), refinanced their mortgage with a $744,000 loan from BrooksAmerica Mortgage Corporation. *See* Def's Request for Judicial Notice ("RJN"), Ex. A. They secured the loan with a trust deed on property located at 502 Midway Avenue, Daly City, California 94015. *See* RJN, Ex. A.

The Coloms quickly ran into trouble repaying the loan. In March 2009, Wells Fargo and the Coloms entered into a loan modification agreement. *See* RJN, Ex. B.

Almost immediately after their loan was modified, the Coloms defaulted. A notice of default was recorded in August 2009, followed by a notice of trustee's sale in April 2010. *See* RJN, Exs. C, D.

New notices of default and of trustee's sale were recorded in December 2010 and March 2011. *See* RJN, Exs. E, F. Additional notices of trustee's sale were recorded in 2012 and October 2013. *See* RJN, Exs. G, H. The most recent notice of trustee sale scheduled a trustee's sale for October 28, 2013. *See* RJN, Ex. H.

Colom alleges that he "has been engaged in ongoing good faith negotiations with Defendant for the past 7 months towards the modification of the first mortgage for his property /

home ….." Compl. ¶ 2.  He avers that Wells Fargo, and in particular, William Hare, the assigned

Single Point of Contact ("SPOC") handling his application, "has been negligent / reckless in

processing [Colom's] loan modification application …." *Id*. ¶ 3.

Colom claims he submitted a complete loan modification application in September 2013.

*Id*. ¶ 13.  In November, Hare requested updated financials which Colom provided.  *Id*. ¶ 20.  Later

in November, Hare requested "clarification with regard to [Colom's] 'respite service' pay."  *Id*.

¶ 21.  Colom immediately faxed the requested information.  *Id*.  Hare asked for the same

information again in December and Colom again provided it.  *Id*. ¶ 27.  Hare then did not respond

to Colom's requests for updates made throughout December 2013 to March 2014.  *Id*. ¶¶ 22-38.

"On 4-16-14, [Colom] was told by Mr. Hare via email that the loan modification

application had been denied."  Compl. ¶ 39.  "In lieu of continuing to rely on loan modification

review by the Mr. Hare / Defendant, [Colom] filed the instant lawsuit."  *Id*. ¶ 40.

Less than a week after Wells Fargo denied Colom's loan modification application, Colom

filed this lawsuit.  His complaint asserts five causes of action:  (1) Violation of the Homeowner's

Bill of Rights; (2) Promissory estoppel; (3) Violation of California Business and Professions Code

§ 17200; (4) Negligence; and (5) Negligence per se.

### III.  COLOM ALLEGES NO MATERIAL HBOR VIOLATION AND THE ACT DOES NOT APPLY

In his first cause of action, Colom avers Wells Fargo violated two sections of the HBOR,

California Civil Code § 2924.11 and § 2924.7.  *See* Compl. ¶¶ 43-47.

**A.    Colom Does Not Allege Any Material Violation Of Sections 2924.11 Or 2924.7**

California Civil Code § 2924.12(a)(1) provides that "a borrower may bring an action for

injunctive relief to enjoin a *material violation* of Section 2923.55, 2923.6, 2923.7, 2924.9,

2924.10, 2924.11, or 2924.17."  (emphasis added).[2]  Colom alleges no such material violation.

---

[2] No trustee's deed upon sale has been recorded so Colom may not recover damages.  *See* CAL. CIV. CODE § 2924.12(b) ("After a trustee's deed upon sale has been recorded, a mortgage servicer, mortgagee, beneficiary, or authorized agent shall be liable to a borrower for actual economic damages … [or the greater of treble actual damages or statutory damages of fifty thousand (footnote continued)

1    Respecting § 2924.11, Colom charges Wells Fargo with violating this statute by sending

2    written notice denying his loan modification by email rather than by letter.  *See* Compl. ¶¶ 43, 44.

3    Colom points to nothing requiring a letter.  And it certainly was not material whether the denial

4    was by email rather than by letter.

5    As for Colom's allegation that Wells Fargo did not send him "a list of other possible

6    foreclosure prevention alternatives for which he may be eligible," there is no such provision in §

7    2924.11.  Colom may have in mind § 2923.6(f)(5), which states, "*If applicable*, [a mortgage

8    servicer must send a borrower] a description of other foreclosure prevention alternatives for which

9    the borrower may be eligible, and a list of the steps the borrower must take in order to be

10    considered for those options."  (emphasis added).  There is nothing to suggest that Colom is in fact

11    eligible for any other foreclosure prevention alternatives.

12    Colom says Wells Fargo violated § 2924.7 by failing to communicate with him or his

13    counsel over the past seven months, by not coordinating receipt of time sensitive documents, not

14    notifying Colom whether additional documents were required for his application, not having

15    access to current information about the application, not informing Colom about the status of the

16    application, and not informing Colom if other possible foreclosure alternatives might be available.

17    *See id.* ¶¶ 46, 47.

18    A careful review of Colom's complaint does not reveal that Wells Fargo violated any

19    particular provision of § 2924.7.  According to Colom, he submitted a complete loan modification

20    application to Wells Fargo in September 2013.  Wells Fargo requested updated financial

21    information in November and December, as well as clarification regarding Colom's "respite

22    service" pay.  After reviewing Colom's complete application, Wells Fargo then informed him in

23    April 2014 that his application had been denied.

24

25

26    _____

27    dollars ($50,000) for material violations that the court find were intentional or reckless, or resulted from willful misconduct]."); CAL. CIV. CODE § 2924.19(b) (same).

28

1    Thus, Wells Fargo did in fact communicate with Colom and did in fact notify him when

2  additional documents were needed.  After reviewing the application, and determining Colom did

3  not qualify for another loan modification, Wells Fargo notified him.  While Colom alleges that

4  Wells Fargo did not respond to several of his update requests, this is not any sort of material

5  violation of § 2924.7 warranting an injunction against foreclosure.

6  **B.    The HBOR Does Not Apply Because Wells Fargo Previously Modified Colom's Loan**

7    Even had Colom alleged a material violation, the HBOR does not apply because Wells

8  Fargo previously modified his loan.  *See* RJN, Ex. B.

9    Civil Code § 2923.6(g) provides that "the mortgage servicer shall not be obligated to

10  evaluate applications from borrowers who have already been evaluated or afforded a fair

11  opportunity to be evaluated for a first lien loan modification prior to January 1, 2013, or who have

12  been evaluated or afforded a fair opportunity to be evaluated consistent with the requirements of

13  this section," unless there has been a material change in the borrower's financial circumstances.

14    Wells Fargo previously modified Colom's loan.  *See* RJN, Ex. B.  Colom makes no claim

15  his financial circumstances have changed.  As a result, section 2923.6(g)'s exemption applies.  *See*

16  *Rockridge Trust v. Wells Fargo, N.A.*, 2013 WL 5428722, at *26 (N.D. Cal. 2013) (rejecting "dual

17  tracking" claim where borrower initiated loan modification negotiations in March 2013 because he

18  "was evaluated for a loan modification prior to January 1, 2013" and he alleged no change in his

19  financial circumstances); *Rosenfeld v. Nationstar Mortg., LLC*, 2013 WL 4479008, at *4 (C.D.

20  Cal. 2013) ("section 2923.6(g) of the Civil Code does not bar defendants from pursuing a

21  foreclosure after evaluating plaintiffs' first application for a loan modification.").

22  **C.    The HBOR Does Not Apply To Colom's 2007 Loan For Constitutional Reasons**

23    The HBOR does not apply for another reason.  The HBOR took effect January 1, 2013.

24  Colom's loan was entered into in 2007.  Because the HBOR materially affects a lender's

25  contractual right of enforcement upon a borrower's default, it may not be applied retroactively

26  consistently with the Constitution's Contract Clause.

27    [T]he laws which subsist at the time and place of the making of a
contract, and where it is to be performed, enter into and form a part

28    of it, as if they were expressly referred to or incorporated in its

terms.  This principle embraces alike those which affect its validity, construction, discharge or enforcement. … Nothing can be more material to the obligation than the means of enforcement. … The ideas of validity and remedy are inseparable, and both are parts of the obligation, which is guaranteed by the Constitution against invasion.

*Brown v. Ferdon*, 5 Cal.2d 226, 230 (1936) (quoting *Von Hoffman v. City of Quincy*, 4 Wall. 535, 550 (1866)).

"The remedy, where it affects substantial rights, is included in the term 'obligation of contract,' and the remedy ***cannot be altered as to materially impair such obligations***."  *Brown*, 5 Cal.2d at 231 (citations omitted; emphasis added).  And "when the exercise of the reserved power of the State, in order to meet public need because of a pressing public disaster, relates to the enforcement of existing contracts, that action must be limited by reasonable conditions appropriate to the emergency." *Id*. at 233 (quoting *Worthen v. Thomas*, 292 U.S. 426 (1934)).  "[W]hile economic necessity may furnish the reason for the passage of a law by the legislature, that necessity will not place it beyond the reach of the constitutional guaranties concerning the obligations of contract."  *Id*. at 230.

In *Brown*, the California Supreme Court addressed the issue as to whether Civil Code section 2924 1/2, which was passed in 1933,[3] applied to a note and deed of trust that were executed in 1930.  *Id*. at 229.  Prior to section 2924 1/2's passage, a loan's beneficiary could require the foreclosure trustee to sell the property in satisfaction of the debt after three months' notice.  *Id*. at 231. The beneficiary could then sue the debtor and obtain a judgment for any deficiency remaining after crediting the proceeds of the sale upon the indebtedness."[4]  *Id*.  As

---

[3] Similar to the HBOR, Civil Code § 2924 1/2 was in effect for only a limited duration.  The statute expired on its own terms on September 1, 1938, five years after it was passed.

[4] California law has subsequently barred such a deficiency judgment.  *See* CAL. CIV. CODE §§ 580, et seq.

MOTION TO DISMISS

1   stated in *Brown*, if Civil Code section 2924 1/2[5] applied retroactively, "the right to a deficiency

2   judgment has either been entirely taken away from the creditor, or he must wait an additional

3   period of nine months before he may have judgment." *Id.*

4         In ruling that section 2924 1/2 ***did not retroactively apply to loan as it was originated***

5   ***before its passage***, the *Brown* court noted that the State may modify the remedy to enforce the

6   contract, but must do so without impairing the obligation of the contract. *Id.* ("it is competent for

7   the States to change the form of the remedy, or to modify it otherwise, as they may see fit,

8   provided no substantial right secured by the contract is thereby impaired.")  However, as the

9   provisions of section 2924 1/2, among other things, "fixe[d] no conditions whatever for its

10  operation," "give[s] relief to every debtor, irrespective of the amount of the indebtedness, the

11  condition of the security or his need for additional time," "imposes no condition upon the debtor in

12  connection with the use and occupation of the property," "gives a debtor a preference without any

13  consideration of the rights of the creditor," and "is granted without reference to individual

14  circumstances," the *Brown* court ruled that section 2924 1/2 "would work a change in the

15  substantive rights of the creditor under the guise of a change in remedy" and, therefore, could not

16  apply to the preexisting loan at issue. *Id.* at 234-36.

17        Similar rulings are found in *Hales v. Snowden*, 19 Cal.App.2d 366 (1937) and *Barnitz v.*

18  *Beverly*, 163 U.S. 118 (1896).  The *Hales* court ruled that the anti-deficiency legislation codified

19  in Code of Civil Procedure § 580b could not apply to a loan originated prior to its passage.  *Hales*,

20  19 Cal.App.2d at 368-69.  In *Barnitz*, the Supreme Court held that a statute authorizing the

21  redemption of property sold upon foreclosure of a mortgage, where no right of redemption

22  previously existed or which extends the period of redemption behind the time formerly allowed,

23  could not apply to a sale under a mortgage executed before its passage.  *Barnitz*, 163 U.S. at 129.

---

24

25  [5] Civil Code § 2924 1/2 stated as follows:  "No judgment shall be rendered for the balance due
    upon any obligation which was secured by a deed of trust or mortgage with power of sale upon
    real property following the exercise of such power of sale, if exercised at any time between the

26  effective date of this act and September 1, 1937, unless it shall affirmatively appear that the notice
    of breach and election to sell provided for in § 2924 of the Civil Code, pursuant to which such sale

27  was held, was recorded at least one year before the date of such sale. This section shall be
    effective until September 1, 1938."

28

Here, as in *Brown*, *Hales*, and *Barnitz*, the HBOR materially changes the enforcement rights under the promissory note and deed of trust; that is to say, it materially changes the remedy for the breach of contract.

For example, *Brown* and *Barnitz* showed concern over an additional nine month delay in a creditor's right to seek a deficiency judgment and an extended redemption period, respectively. *Barnitz*, 163 U.S. at 129-32; *Brown*, 5 Cal.2d at 229-32. Similarly, the HBOR imposes requirements on the lender or its servicer that will inevitably result in a far longer delay to the lender's right to nonjudicially foreclose.[6] *See, e.g.*, CAL. CIV. CODE § 2923.6(c) (the foreclosure process must be stayed pending a modification review upon the borrower's submission of a "complete application."); *see also* CAL. CIV. CODE § 2923.6(e)(1) (lender cannot proceed with the foreclosure process until 31 days after a written modification denial is provided to the borrower); CAL. CIV. CODE § 2923.6(e)(2) (if the borrower appeals the modification denial, the lender cannot proceed with the foreclosure process until the later of 15 days after the appeal is denied or 14 days after a modification is offed but declined by the borrower or, assuming a modification is agreed to by the borrower, the date in which the borrower fails to timely submit the first payment due under the modification); CAL. CIV. CODE § 2924(a)(5) (lender must send written notice of a continued foreclosure sale date if the sale was postponed for a period longer than 10 days); CAL. CIV. CODE § 2924.10 (written acknowledgments must be sent to the borrower upon each submission of financial information).

Moreover, the HBOR mandates that the servicer conduct a modification review when no such obligation was required under the deed of trust. *See, e.g.*, CAL. CIV. CODE §§ 2923.6, 2924.18(a). Also—and assuming a "complete" modification packet is submitted by the borrower—a lender is required to postpone the contractually-authorized foreclosure process and conduct a complete review irrespective of the amount of the indebtedness, the condition of the

---

[6] Before the HBOR, a lender was authorized to record a notice of default upon the borrower's failure to make their mortgage payments. CAL. CIV. CODE § 2924(a)(1). Subsequent to recording the notice of default, the lender was only obligated to wait three months before recording a notice of trustee's sale. CAL. CIV. CODE § 2924(a)(2). The sale could not go forward for a period of 20 days after the notice of sale was published and posted. CAL. CIV. CODE § 2924f(b)(1)-(3).

1  security or the actual need for additional time.  *See Brown*, 5 Cal.2d at 234-36; *see also* Cal. Civ.

2  Code § 2924.18(a).

3       The HBOR also "imposes no condition upon the debtor in connection with the use and

4  occupation of the property," such as a monthly payment.  *See Brown*, 5 Cal.2d at 234-36.  To the

5  contrary, the HBOR prevents the lender from exercising its contractual right to charge late fees

6  while a modification review is pending on a loan that is undisputedly in default.  *See* Cal. Civ.

7  Code § 2924.11(f) (servicer cannot collect late fees during a pending modification review).  In

8  other words, the HBOR directly prevents the lender from exercising its right under the loan

9  agreement to charge late fees.

10      In sum, the HBOR does not apply to Colom's promissory note and deed of trust because

11  they were entered into before January 1, 2013.  The HBOR was neither a part of these agreements

12  or incorporated into them.  And because the HBOR materially affects a lender's right to enforce

13  the terms of a loan contract to such an extent that it impairs the "obligation of the contract," it may

14  not be applied retroactively.  Pursuant to the Contracts Clause, the HBOR may not be applied

15  loans in existence before January 1, 2013.  Accordingly, the HBOR does not apply to Colom's

16  2007 loan.

17      For each of these reasons, Colom has stated no claim for relief under the HBOR.  His first

18  cause of action should be dismissed.

19  **IV.  THERE IS NO CLEARLY ALLEGED PROMISE OR BREACH THEREOF TO
     MAINTAIN A PROMISSORY ESTOPPEL ACTION**

20

21      Colom's second cause of action is for promissory estoppel.  "The elements of a promissory

22  estoppel claim are '(1) a promise clear and unambiguous in its terms; (2) reliance by the party to

23  whom the promise is made; (3) [the] reliance must be both reasonable and foreseeable; and (4) the

24  party asserting the estoppel must be injured by his reliance.' "  *See US Ecology, Inc. v. State of*

25  *California*, 129 Cal.App.4th 887, 905 (2005) (quoting *Laks v. Coast Fed. Sav. & Loan Ass'n*,

26  60 Cal.App.3d 885, 890 (1976)).  All elements of a promissory estoppel claim must be pleaded

27  with specificity.  *Smith v. San Francisco*, 225 Cal.App.3d 38, 48 (1990).

28

Because the doctrine is rooted in the field of contract law, Colom must show a promise "clear and unambiguous in its terms," just as if pleading a claim for breach of contract. *Aceves v. U.S. Bank, N.A.*, 192 Cal.App.4th 218, 226 (2011); *Garcia v. World Savings, FSB*, 183 Cal.App.4th 1031, 1044 (2010).  The allegations must establish a promise "definite enough that a court can determine the scope of the duty[,] and the limits of performance must be sufficiently defined to provide a rational basis for the assessment of damages." *Aceves*, 192 Cal.App.4th at 226.

Colom does not allege that Wells Fargo made any clear and unambiguous promise to him to review his loan modification application.

Just as importantly, Colom does not allege that Wells Fargo actually broke any such promise to him.  Colom avers that he submitted a complete loan modification application.  Wells Fargo followed up with a couple of requests for additional documents, and after reviewing the application, told Colom "that the loan modification had been denied."  Compl. ¶ 39.  While Colom faults Wells Fargo for not responding to several update requests, nothing suggests that Wells Fargo did not actually review Colom's application for another loan modification.

There are also no facts showing reliance or damages.  Colom merely asserts it was foreseeable and that he would rely, but offers no facts showing how he relied. *See id.* ¶ 55.  And he alleges no particular injury or damages.

There are no facts supporting any element required to state a promissory estoppel claim. Accordingly, Colom's second cause of action should be dismissed.

**V.  THE SECTION 17200 CLAIM IS DEFECTIVELY PLEADED**

Colom's third cause of action asserts that Wells Fargo "likely violated" California Business and Professions Code § 17200 by "violating several sections of Homeowner's Bill of Rights / the Civil Code."  Compl. ¶¶ 59, 62.

As this cause of action is entirely derivative of Colom's first cause of action, it fails with it. *See Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1203 (9th Cir. 2001) (dismissing § 17200 claim where underlying negligence and fraud claims were insufficient as a matter of law); *Krantz v. BT Visual Images, L.L.C.*, 89 Cal.App.4th 164, 178 (2001) (the viability of a § 17200 claim stands or

1    falls with the antecedent substantive causes of action); *People v. Duz-Mor Diagnostic Lab., Inc.*,

2    68 Cal.App.4th 654, 673 (1998) (a defense to the underlying offense is a defense under § 17200).

3          Additionally, Colom avers no facts showing he suffered an economic injury *caused by*

4    Wells Fargo's allegedly unlawful, unfair or fraudulent conduct.  *See Kwikset Corp. v. Super. Ct.*,

5    51 Cal.4th 310, 326-27 (2011).  " 'A plaintiff fails to satisfy the causation prong of the statute if he

6    or she would have suffered 'the same harm whether or not a defendant complied with the law.' ' "

7    *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal.App.4th 497, 522 (2013) (quoting *Daro v.*

8    *Super. Ct.*, 151 Cal.App.4th 1079, 1099 (2007)).

9          Colom does not plead facts that Wells Fargo caused him any economic injury.  The

10   potential foreclosure and negative credit reporting is the result of his default and would have

11   occurred whether or not Wells Fargo provided more timely responses to Colom's requests for

12   updates.

13         Colom avers no facts showing he is entitled to any potential relief under § 17200.  In a

14   private suit, the only relief recoverable under § 17200 is an injunction or restitution.  *See Korea*

15   *Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1144 (2003); *Madrid v. Perot Systems*

16   *Corp.*, 130 Cal.App.4th 440, 452 (2005).

17         Colom cannot obtain injunctive relief because he cannot show that there is any likelihood

18   that he might again be affected by the unfair competition—the purported tardy responses to his

19   update requests.  Colom will not again be subjected to that conduct.  His loan modification

20   application has been considered and denied.  "Injunctive relief has no application to wrongs which

21   have been completed, absent a showing that past violations will probably recur."  *People v.*

22   *Toomey*, 157 Cal.App.3d 1, 20 (1984); *Madrid*, 130 Cal.App.4th at 465.

23         Colom also cannot recover restitution for the § 17200 violation he alleges.  For restitution

24   to be ordered, "the offending party must have obtained something to which it was not entitled and

25   the victim must have given up something which he or she was entitled to keep."  *Day v. AT&T*

26   *Corp.*, 63 Cal.App.4th 325, 340 (1998).  Colom's compliant does not show that Wells Fargo

27   obtained anything from Colom he was entitled to keep.

28         This derivative cause of action should be dismissed.

# VI.  THE NEGLIGENCE CLAIM IS NOT VIABLE

In his fourth cause of action, Colom alleges that Wells Fargo owed him "a general duty to protect [him] from harm to either his person or his property" and that Hare "had a specific contractual duties [sic] under the law to protect and assist Plaintiff during review for a loan modification."  Compl. ¶ 65.  Colom avers Wells Fargo breached these duties by not responding to his requests for updates on his loan modification application.  *Id.* ¶ 66.  This purportedly caused Colom to be unable "to cure his delinquent mortgage," damaged his credit, and the loss of his home.  *Id.* ¶ 68.

## A.      Colom Does Not Allege Any Cognizable Duty

Colom's negligence claim fails for want of a cognizable duty.  "An action in negligence requires a showing that the defendant owed the plaintiff a legal duty, that the defendant breached the duty, and that the breach was a proximate or legal cause of injuries suffered by the plaintiff." *Ann M. v. Pac. Plaza Shopping Ctr.*, 6 Cal.4th 666, 673 (1993) ("The existence of a duty of care toward an interest of another worthy of legal protection is the essential prerequisite to a negligence cause of action, determined as a matter of law by the court.") (citation omitted); *Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.*, 49 Cal.App.4th 472, 478 (1996) ("The existence of a duty of care toward an interest of another worthy of legal protection is the essential prerequisite to a negligence cause of action, determined as a matter of law by the court." ).

Colom does not state facts establishing any duty recognized by law.  It is well established that financial institutions generally owe borrowers no duty of care in connection with making or servicing loans.  *See, e.g., Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal.App.3d 1089, 1096 (1998).

A growing body of case law recognizes that engaging in the loan modification process also does not give rise to a common law duty of care.  *See, e.g., Benson v. Ocwen Loan Servicing, LLC*, — Fed. Appx. —, 2014 WL 962022, at *1 (9th Cir. 2014) (unpublished); *Williams v. Wells Fargo Bank, N.A.*, 2014 WL 1568857, at *7 (C.D. Cal. 2014) ("The Court concludes in accordance with the line of cases holding that loan modification—a renegotiation of the loan's terms—is so related to 'the key functions of a money lender' as to not give rise to an enforceable duty of care to the

1  borrower."); *Robinson v. Bank of Am., N.A.*, 2014 WL 60969, at *4-5 (N.D. Cal. 2014); *Badame v.*

2  *JP Morgan Chase Bank, N.A.*, 2014 WL 585451, at *7 (C.D. Cal. 2014); *Gopar v. Nationstar*

3  *Mortg., LLC*, 2014 WL 1600324, at *5-6 (S.D. Cal. 2014); *Sanguinetti v. Citi Mortg., Inc.*, 2013

4  WL 4838765, at *4-6 (N.D. Cal. 2013); *Meyer v. Wells Fargo Bank, N.A.*, 2013 WL 6407516, at

5  *5 (N.D. Cal. 2013); *Armstrong v. Chevy Chase Bank, FSB* (N.D. Cal. 2012) 2012 WL 4747165,

6  at *4; *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal.App.4th 49, 67 (2013).

7  **B.      Colom Does Not Allege Causation Or Damages**

8      Colom also does not allege facts demonstration causation or damages.  The alleged harm—

9  Colom's inability to cure his delinquency, harm to Colom's credit, and the loss of Colom's

10 home—were caused by Colom's default on the loan and his failure to cure that default.  These

11 things were not caused by not responding to his requests for updates on his loan modification

12 application.

13 **C.      Any Negligence Claim Is Precluded By The Economic Loss Doctrine**

14     In addition, any negligence claim is also precluded by the economic loss doctrine.

15 "[P]laintiffs may recover in tort for physical injury to person or property, but not for purely

16 economic losses that may be recovered in a contract action."  *San Francisco Unified Sch. Dist. v.*

17 *W.R. Grace & Co.*, 37 Cal.App.4th 1318, 1327 (1995); *see also Seely v. White Motor Co.*, 63

18 Cal.2d 9, 18-19 (1965).  Colom alleges no injury to his person or property.  Economic losses alone

19 will not support this tort action.

20              **VII.  "NEGLIGENCE PER SE" IS AN EVIDENTIARY DOCTRINE,
                        NOT A CLAIM FOR RELIEF**

21

22     Colom's fifth and final "cause of action" for "negligence per se" does not state a claim for

23 relief.  "Negligence per se" is not a cause of action and does not provide a private right of action

24 for the violation of a statute.  *See Das v. Bank of Am., N.A.*, 186 Cal.App.4th 727, 737-38 (2010);

25 *Quiroz v. Seventh Ave. Center*, 140 Cal.App.4th 1256, 1285-86 (2006).  It is merely an evidentiary

26 doctrine that treats a statutory violation as evidence of negligence.  *See Sierra-Bay Fed. Land*

27 *Bank Ass'n v. Super. Ct.*, 227 Cal.App.3d 318, 333 (1991).

28

## VIII.  CONCLUSION

For the reasons stated above, Colom's complaint against Wells Fargo fails to state any viable claim for relief.  Hence, it should be dismissed.

If any portion of the complaint is not dismissed in its entirety, Colom should be directed to file any first amended complaint within twenty days of the Court's Order.

DATED:  May 30, 2014

SEVERSON & WERSON
A Professional Corporation


By:   _____/s/   *Jon D. Ives*_____
                    Jon D. Ives

Attorneys for Defendant
WELLS FARGO BANK, N.A. (also sued as "WELLS FARGO HOME MORTGAGE, INC.")