IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS COLOM,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WELLS FARGO HOME MORTGAGE, INC.,<br><br>　　　　Defendant. | No. C-14-2410 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT; DISMISSING COMPLAINT WITH LEAVE TO AMEND; VACATING HEARING** |

    Before the Court is defendant Wells Fargo Home Mortgage, Inc.'s "Motion to Dismiss Complaint," filed May 30, 2014.  Plaintiff Luis Colom has filed opposition, to which defendant has replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for determination on the parties' respective written submissions, VACATES the hearing scheduled for July 11, 2014, and rules as follows.

    For the reasons stated by defendant (see Def.'s Mot. at 3:17-5:21), plaintiff's First Cause of Action, alleging violations of the Homeowner's Bill of Rights ("HBOR"), is subject to dismissal, as plaintiff fails to allege any facts to support a finding that "there has been a material change in [his] financial circumstances since the date of [his] previous application" that he "documented" and "submitted" to defendant, see Cal. Civ. Code § 2923.6(g), and, further, fails to allege sufficient facts to support a finding that defendant engaged in a

"material violation" of the HBOR, see Cal. Civ. Code § 2924.12(a)(1); Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).[1]

For the reasons stated by defendant (see Def.'s Mot. at 9:19-10:20), plaintiff's Second Cause of Action, alleging a claim for promissory estoppel, is subject to dismissal, as plaintiff fails to plead facts to support a finding that defendant made a "promise clear and unambiguous in its terms" and that plaintiff was "injured by his reliance" thereon. See US Ecology, Inc. v. State, 129 Cal. App. 4th 887, 905 (2005) (internal quotation and citation omitted).

For the reasons stated by defendant (see Def.'s Mot. at 10:21-11:2), plaintiff's Third Cause of Action, alleging violations of § 17200 of the Business and Professions Code, is subject to dismissal, as the claim is derivative of the First Cause of Action. Further, to the extent the Third Cause of Action can be interpreted as predicated on other conduct, plaintiff fails to plead sufficient facts to provide notice of the basis thereof. See Iqbal, 556 U.S. at 678-79.

For the reasons stated by defendant (see Def.'s Mot. at 12:1-13:6), plaintiff's Fourth Cause of Action, alleging a claim for negligence, is subject to dismissal, as defendant does not owe plaintiff a duty of care in connection with its review of his application for a loan modification. See Lueras v. BAC Home Loans Servicing, Inc., 221 Cal. App. 4th 49, 67-68 (2013).

For the reasons stated by defendant (see Def.'s Mot. at 13:20-27), plaintiff's Fifth Cause of Action, alleging "negligence per se," is subject to dismissal, for the reason that "the doctrine of negligence per se is not a separate cause of action, but creates an evidentiary presumption that affects the standard of care in a cause of action for negligence," see Das v. Bank of America, N.A., 186 Cal. App. 4th 727, 737-38 (2010), and,

---

[1] Given plaintiff's failure to state a claim under the HBOR, the Court does not address defendant's additional argument that the HBOR is unconstitutional. In the event defendant makes the argument in a future filing, defendant is directed to serve any such filing, as well as a notice of constitutional question, on the California Attorney General. See Fed. R. Civ. P. 5.1(a).

as noted above, plaintiff fails to state a claim for negligence.

Accordingly, defendant's motion is hereby GRANTED and the complaint is hereby DISMISSED. If plaintiff wishes to amend to cure the deficiencies identified above with respect to the First, Second, Third, and/or Fourth Causes of Action, plaintiff shall file a First Amended Complaint no later than July 25, 2014. Plaintiff may not, however, add new claims, new plaintiffs or new defendants without leave of court. See Fed. R. Civ. P. 15(a)(2).

**IT IS SO ORDERED.**

Dated: July 3, 2014

MAXINE M. CHESNEY
United States District Judge