United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   LUIS COLOM,                                 No. C-14-2410 MMC

12              Plaintiff,                        **ORDER GRANTING DEFENDANT'S**
                                                  **MOTION TO DISMISS AMENDED**
13       v.                                       **COMPLAINT; DISMISSING AMENDED**
                                                  **COMPLAINT WITH LEAVE TO AMEND**
14   WELLS FARGO HOME MORTGAGE, INC.,

15              Defendant.
     _____/

16

17          Before the Court is defendant Wells Fargo Home Mortgage, Inc.'s "Motion to

18   Dismiss Complaint," filed August 22, 2014, by which defendant seeks an order dismissing

19   plaintiff's First Amended Complaint ("FAC") in its entirety.  Plaintiff Luis Colom has filed

20   opposition, to which defendant has replied.  Having read and considered the papers filed in

21   support of and in opposition to the motion, the Court rules as follows.[1]

22          1.  First Cause of Action ("Violations of California Civil Code § 2923.6(f)")

23              a.  To the extent the First Cause of Action is based on a claim that defendant

24   violated § 2923.6(f)(3), it is subject to dismissal.  Although plaintiff alleges the April 16,

25   2014 email denying his application for a loan modification did not include the "Net Present

26   Value . . . calculations used" by defendant (see FAC ¶ 56), such information is required

27   only where a "denial is the result of a net present value calculation," see Cal. Civ. Code

28
     _____
                [1]By order filed September 23, 2014, the Court took the matter under submission.

1    § 2923.6(f)((3), and plaintiff does not allege he was denied a modification for that reason.

2          b.  To the extent the First Cause of Action is based on a claim that defendant

3    violated § 2923.6(f)(5), see Cal. Civ. Code § 2923.6(f)(5) (providing that after denial of

4    application, mortgage servicer shall send, "[i]f applicable, a description of other foreclosure

5    prevention alternatives"), it is subject to dismissal.  Although plaintiff alleges the above-

6    referenced denial did not include a "list of other possible foreclosure alternatives" (see FAC

7    ¶ 56), plaintiff fails to allege any facts to support a finding that such omission constituted a

8    material violation of § 2923.6(f).[2]  Plaintiff has not alleged, for example, that in connection

9    with the subject denial, he was not otherwise given a document providing notice of other

10   foreclosure prevention alternatives.  See Cal. Civ. Code § 2924(a)(1) (providing, as to

11   § 2923.6, where "trustee's deed upon sale has not been recorded," borrower limited to

12   "bring[ing] an action for injunctive relief to enjoin a material violation").[3]

13         2. Second Cause of Action (Violations of California Civil Code §§ 2923.7(b) and (c)")

14         a.  To the extent the Second Cause of Action is based on a claim that defendant

15   violated § 2923.7(b)(1), it is subject to dismissal, as plaintiff does not allege defendant's

16   "single point of contact" ("SPOC") failed to advise plaintiff with respect to any part of "the

17   process" or any "deadline" for required submissions.  See Cal. Civ. Code § 2923.7(b)(1)

18   (providing SPOC is "responsible for . . . [c]ommunicating the process by which a borrower

19   may apply for an available foreclosure prevention alternative and the deadline for any

20   required submissions").

21         b.  To the extent the Second Cause of Action is based on a claim that defendant

22   violated § 2923.7(b)(2), it is subject to dismissal, as plaintiff does not allege the SPOC

23   _____

24   [2]Defendant requests the Court take judicial notice of three other documents it
     assertedly sent to plaintiff in which it identified alternatives.  (See Def.'s Req. for Judicial
25   Notice Exs. T-V.)  The FAC, however, does not refer to such documents, nor do those
     documents form the basis for plaintiff's claims, and, accordingly, the request is hereby
26   DENIED.  See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) (holding courts
     may take judicial notice of document not attached to complaint where "plaintiff refers
27   extensively to the document or the document forms the basis of the plaintiff's claim").

28   [3]Given that the FAC seeks an order prohibiting a foreclosure on plaintiff's property
     (see FAC, Prayer for Relief ¶ 2), it would appear a sale of the property has not occurred.

failed to notify plaintiff that he needed to submit further documentation.  <u>See</u> Cal. Civ. Code

§ 2923.7(b)(2) (providing SPOC is "responsible for . . . notifying the borrower of any

missing documents necessary to complete the application").

       c.  To the extent the Second Cause of Action is based on a claim that defendant

violated § 2923.7(b)(3), it is subject to dismissal.  Even assuming the SPOC's failure to

return some of plaintiff's phone calls and emails during the pendency of the application (<u>see</u>

FAC ¶¶ 37-43, 55-56) constituted a failure to "timely . . . inform the borrower of the current

status" of the application, <u>see</u> Cal. Civ. Code § 2923.7(b)(3), plaintiff fails to allege any facts

to support a finding that any such failure constituted a "material" violation of

§ 2923.7(b)(3).  Further, plaintiff fails to allege any facts to support a finding that his claim is

not moot, given plaintiff was ultimately informed of the status of the application, i.e., that it

was denied.  <u>See</u> Cal. Civ. Code § 2924.12(a)(1) (providing, where "trustee's deed upon

sale has not been recorded," borrower's relief limited to "injunctive relief to enjoin a material

violation of Section . . . 2923.7").

       d.  To the extent the Second Cause of Action is based on a claim that defendant

violated § 2923.7(b)(4), it is subject to dismissal, as plaintiff does not allege any facts to

support a finding that the SPOC failed to consider plaintiff for other foreclosure alternatives

offered by or through defendant.  <u>See</u> Cal. Civ. Code § 2923.7(b)(4) (providing SPOC is

"responsible for . . . [e]nsuring that a borrower is considered for all foreclosure prevention

alternatives offered by, or through, the mortgage servicer, if any").

       e.  To the extent the Second Cause of Action is based on a claim that defendant

violated § 2923.7(c), it is subject to dismissal.  Although plaintiff alleges defendant

"transferred [p]laintiff's file" from one SPOC to another on October 31, 2013 (<u>see</u> FAC

¶¶ 28, 33, 83); Cal. Civ. Code § 2923.7(c) (providing SPOC "shall remain assigned to the

borrower's account until . . . all loss mitigation options . . . have been exhausted"), and,

even assuming, <u>arguendo</u>, § 2923.7(c) precludes such a reassignment, § 2923.7(c) was

not applicable to plaintiff on said date, given that he had at such time a Chapter 13 petition

pending in bankruptcy court, <u>see</u> Cal. Civ. Code § 2920.5(c)(2)(C) (providing "borrower," for

1   purposes of § 2723.7, does not include "individual who has filed a case under Chapter . . .

2   13 . . . and the bankruptcy court has not entered an order closing or dismissing the case").[4]

3       3.  Third Cause of Action ("Violations of California Business & Professions Code

4   § 17200 *et seq.*")

5       a.  To the extent the Third Cause of Action is based on alleged violations of

6   §§ 2923.6(f)(3), 2923.7(b)(1), 2923.7(b)(2), 2923.7(b)(4), and 2923.7(c), it is subject to

7   dismissal for the reasons set forth above.

8       b.  To the extent the Third Cause of Action is based on alleged violations of

9   §§ 2923.6(f)(5) and 2923.7(b)(3), it is subject to dismissal for the reasons set forth above,

10  and because plaintiff fails to allege that, as a result of any such violation, defendant has

11  obtained any property from plaintiff.  See Korea Supply Co. v. Lockheed Martin Corp., 29

12  Cal. 4th 1134, 1446 (2003) (holding remedies under § 17200 are limited to injunctive relief

13  and restitution).

14      4.  Fourth Cause of Action ("Negligence")

15      a.  To the extent the Fourth Cause of Action is based on a claim that defendant

16  failed to "timely communicate with [p]laintiff" (see FAC ¶ 124), it is subject to dismissal.

17  Even assuming defendant owed plaintiff a duty to exercise "reasonable care in the

18  processing of a loan modification," plaintiff fails to allege sufficient facts to support a finding

19  that any delay in communicating defendant's decision caused plaintiff injury.  Cf. Alvarez v.

20  BAC Home Loan Servicing, L.P., 228 Cal. App. 4th 941, 948-951 (2014) (holding, where

21  lender "agree[s] to consider modification of the plaintiffs' loans," lender has "duty to use

22  reasonable care in the processing of a loan modification"; finding plaintiffs sufficiently stated

23  claim for negligence, where plaintiffs alleged "delay in processing deprived them of the

24  _____

25      [4]Defendant's unopposed request that the Court take judicial notice of the bankruptcy
    proceedings filed by plaintiff on October 28, 2013 and dismissed by the bankruptcy court on
26  November 18, 2013 (see Def.'s Req. for Judicial Notice Ex. Q), is hereby GRANTED.  See
    Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (holding, for purposes of
27  motion to dismiss under Rule 12(b)(6), "court may take judicial notice of matters of public
    record") (internal quotation and citation omitted); Jones v. City of Cincinnati, 521 F.3d 555,
28  562 (6th Cir. 2008) (holding "court may consider public records without converting a Rule
    12(b)(6) motion into a Rule 56 motion").

1  opportunity to seek relief elsewhere").

2        b.  To the extent the Fourth Cause of Action is based on a claim that defendant

3  failed to "provide[ ] necessary information while processing the loan modification

4  application" (see FAC ¶ 124), it is subject to dismissal.  Assuming, once again, defendant

5  owed plaintiff a duty to use reasonable care in processing the application, plaintiff fails to

6  allege any facts to support his conclusory assertion that defendant withheld "necessary

7  information" (see id.) from plaintiff.  Cf. Lueras v. BAC Home Loan Servicing, LP, 221 Cal.

8  App. 4th 49, 68 (2013) (holding lender "owe[s] a duty to a borrower to not make material

9  misrepresentations about the status of an application for a loan modification").

10        c.  To the extent the Fourth Cause of Action is based on a claim that defendant

11  failed to "offer[ ] [p]laintiff a loan modification" (see FAC ¶ 124), it is subject to dismissal.  A

12  lender "[does] not have a common law duty of care to offer, consider, or approve a loan

13  modification."  See Lueras, 221 Cal. App. 4th at 68.

14                                **CONCLUSION**

15        For the reasons stated above, defendant's motion is hereby GRANTED and the First

16  Amended Complaint is hereby DISMISSED.  If plaintiff wishes to amend to cure the

17  deficiencies identified above, plaintiff shall file a Second Amended Complaint no later than

18  November 7, 2014.  Plaintiff may not, however, add new claims, new plaintiffs or new

19  defendants without leave of court.  See Fed. R. Civ. P. 15(a)(2).

20        **IT IS SO ORDERED.**

21

22  Dated:  October 20, 2014

23                                          MAXINE M. CHESNEY
                                            United States District Judge

24

25

26

27

28

                                    5